IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** <br><br> **Vicky Rodríguez Torres** <br> Debtor | **Bankruptcy Case** 09-10864 (BKT) <br><br> CHAPTER 7 |
| **Vicky Rodríguez Torres** <br> Plaintiff <br><br> v. <br><br> **Enid López-López, Guillermo Camba-Casas, Mariela Rexach Rexach, Government Development Bank of P.R., et als.** <br> Defendants | **Adversary Proc.** 10-00137 (BKT-7) <br><br> **18 U.S.C. §1030** <br> **18 U.S.C. §2510** <br> **18 U.S.C. §2701** <br> **42 U.S.C. §1983** <br> **42 U.S.C. §1985** <br> **42 U.S.C. 1988** <br> **TORTS** |

**MOTION TO STAY RULE 26 PROCEEDINGS
UNTIL MOTION TO DISMISS IS ADJUDICATED**

TO THE HONORABLE COURT:

COMES NOW, Co-Defendants, Mariela Rexach-Rexach (hereinafter "Rexach") and the Puerto Rico Governmental Development Bank (hereinafter "GDB"), through the undersigned counsels, and respectfully represents and prays:

**I. LEGAL AND PROCEDURAL BACKGROUND**

1. Rule 26 of the Federal Rules of Civil Procedure apply to adversary proceedings pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure.

2. Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that "**[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court**, a party must, without awaiting a discovery request, provide to the other parties [initial disclosures]." To this effect, Rule 26(f) provides that "[e]xcept in a proceeding exempted from inital disclosure under Rule

-2-

26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable . . . ." in order to, among other things, prepare a discovery plan."

3.  In addition, Rule 7026-1(a) of the Local Bankruptcy Rules provides that "[t]he disclosure requirements contained in Fed.R.Bankr.P. 7026 apply to all adversary proceedings pending in this district court, **unless otherwise ordered**."

4.  On September 29, 2010, Plaintiff filed a Motion to Extend Time for Initial Disclosures and Discovery Plan, in which she incorrectly asserted that, pursuant to Local Bankruptcy Rule 7026-1, the deadline to submit the parties' discovery plan expired today.[1] See Dkt. 15.

5.  For the following reasons, Rexach and GDB respectfully request this Honorable Court to hold the Rule 26 discovery conference proceedings and initial disclosures requirements in abeyance until the Motion to Dismiss filed by Co-Defendants is finally adjudicated.

## II. BASIS OF REQUEST

On August 9, 2010, Plaintiff filed the instant Adversary Proceeding. See Dkt. 1. Subsequently, on September 21, 2010, the appearing co-defendants filed a Motion to Dismiss under Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, applicable to bankruptcy proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. See Dkt. 11.

The present proceeding is only one of the more recent examples of Plaintiff's multiple and vexatious proceedings filed against GDB, its officers and/or employees. In this proceeding, for example, Plaintiff even included GDB's external legal counsel, Rexach, as a co-Defendant.

---

[1] Local Rule 7026-1(c) provides that the parties must submit a discovery plan within fourteen (14) days of the conference prescribed in subsection (b), which, in turn, provides that the parties must meet and confer pursuant to Fed.R.Bankr.P. 7026(f) within twenty-one (21) days before the initial pretrial conference. Since the initial pretrial conference has been re-scheduled for November 17, 2010, the parties would need to meet and confer on or before October 27, 2010 in order to submit the discovery plan on or before November 10, 2010.

-3-

Co-Defendant's Motion to Dismiss is premised on several threshold issues such as lack of standing, lack of subject matter jurisdiction, collateral estoppel and insufficiency of pleadings, amongst others. The appearing co-Defendants respectfully submit that preparing a discovery plan or exchanging initial disclosures in light of the issues raised in the Motion to Dismiss would only serve to reward Plaintiff's predatory litigation tactics. Considering that Plaintiff, as opposed to the Chapter 7 trustee, lacks standing to file this proceeding, if the initial disclosures are to be required prior to resolution of the Motion to Dismiss, the appearing co-Defendants would be exchanging information with the wrong party. Moreover, the issues raised by plaintiff in her complaint **have already been decided against her by the Court in Rodríguez I**. Finally, insofar as Plaintiff is suing the GDB's outside counsel there are obvious issues of attorney-client privilege which will arise in the course of discovery and which Defendants should not be forced to face in light of the arguments raised in their Motion to Dismiss. The aforementioned factors, therefore, constitute good cause for the issuance of the stay.

Defendants recognize that whether or not to issue a stay on discovery falls within this Court's sound discretion. To this effect, we respectfully submit that a stay of Rule 26 procedures and discovery pending the outcome of the Motion to Dismiss is appropriate, considering the substantial issues raised by defendants concerning the lack of merit of many claims alleged in the complaint and the likelihood of their prevailing on the same. See Chesney v. Valley Stream Union Free School Dist. No. 24, 236 F.R.D. 113 (E.D. N.Y. 2006); GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284 (S.D. Cal. 2000) (finding that where defendant had a "clear possibility" of prevailing on its motion, it was entitled to a stay of discovery).

-4-

WHEREFORE, Rexach and GDB respectfully request this Honorable Court to hold the Rule 26's procedures and discovery in abeyance until the Motion to Dismiss is finally adjudicated.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 30th day of September 2010.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this same date, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants, and caused it to be served on the next business day via a third party court authorized noticing provider BK Attorney Services to: William Meléndez, Esq., 410 Park Avenue 15th Floor #1223, New York, NY 10022.

| | |
|---|---|
| **SCHUSTER AGUILÓ LLP** | **SONIA COLÓN LAW OFFICES, P.A.** |
| PO Box 363128 | P.O. Box 621597 |
| San Juan, Puerto Rico 00936-3128 | Orlando, Florida 32862-1597 |
| Tel: (787) 765-4646; Fax: (787) 765-4611 | Telephone: 407-574-8272 |
| | Facsimile: 888-537-4536 |
| | |
| s/ Andrés C. Gorbea Del Valle | s/ Sonia E. Colón |
| **Andrés C. Gorbea Del Valle** | **SONIA E. COLÓN** |
| USDC PR No. 226313 | USDC PR No. 213809 |
| agorbea@salawpr.com | sonia@soniacolonlaw.com |