IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** <br> **Vicky Rodríguez Torres** <br> Debtor | Bankruptcy Case 09-10864 (BKT) <br><br> CHAPTER 7 |
| **Vicky Rodríguez Torres** <br> Plaintiff <br><br> v. <br><br> Enid López-López, Guillermo Camba-Casas, Mariela Rexach Rexach, Government Development Bank of P.R., et als. <br> Defendants | Adversary Proc. 10-00137 (BKT-7) <br><br> 18 U.S.C. §1030 <br> 18 U.S.C. §2510 <br> 18 U.S.C. §2701 <br> 42 U.S.C. §1983 <br> 42 U.S.C. §1985 <br> 42 U.S.C. 1988 <br> TORTS |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE ANSWER TO COMPLAINT OR OTHERWISE PLEAD**

TO THE HONORABLE COURT:

**COMES NOW** co-defendant Guillermo Camba Casas ("Camba"), pro-se, and respectfully represents and prays as follows:

1. On August 9, 2010, the summons of this adversary proceeding were issued by the Clerk of the Court. See Dkt. 2.

2. On August 11, 2010, Plaintiff, through her counsel, filed a document titled Summons Service Executed which contained a "Notice of Service" stating, in pertinent, as follows:

> We hereby serve this Summons and a copy of the Complaint filed in the United States Bankruptcy Court as Adversary Proceeding 10-00137, on the following parties, appearing in this case:
>
> Government Development Bank for Puerto Rico
> Guillermo Camba-Casas
> Mariela Rexach-Rexach

-2-

> Such electronic filing constitutes proper service, pursuant to Fed. R. Civ. P. 5(b)(3) and L. R. Civ. P. 5.1(c), authorizing the use of the court's transmission facilities to make service. Under penalty of perjury, I declare that the foregoing is true and correct.

See Dkt. 5.

3. The document titled Summons Service Executed filed on August 11, 2010, also contained a "Certificate of Service" stating, in pertinent, as follows:

> I, William E. Melendez, certify that the service of this summons and a copy of the complaint was made on Guillermo Camba Casas, at this date, August 11, 2010, with the Clerk of the United States District Court of Puerto Rico, using the CM/ECF system. Such electronic filing constitutes proper service, pursuant to Fed. R Civ. P. 5(b)(3) and L.R.Civ.P. 5.1(c), authorizing the use of the court's transmission facilities to make service. Under penalty of perjury, I declare that the foregoing is true and correct, in New York, New York.

See Dkt. 5.

4. The document titled Summons Service Executed filed by Plaintiff on August 11, 2010, had an incorrect caption and incorrect case number. In addition, contrary to Plaintiff's indications, the summons and copy of the Complaint were not attached to the Notice. Moreover, the procedural rules invoked by Plaintiff, *i.e.*, Fed.R.Civ.P. 5(b)(3) and L.R.Civ.P. 5.1(c), are inapplicable to service of summons and copy of complaints. Instead, such rules refer to service of pleadings and other papers. The applicable rule for service of summons in adversary proceedings is Rule 7004 of the Federal Rules of Bankruptcy Procedure.

5. Evidently, Plaintiff's service of the summons and copy of the complaint was defective inasmuch as she failed to certify the correct manner of service. That is, although she certified having served the summons and copy of the complaint through CM/ECF, she actually sent them via mail.

6. As of this date, I have not received the summons and copy of the complaint.

-3-

7. On September 27, Plaintiff filed a motion for leave to file motion for default judgment against me because I have not answered the Complaint. The copy of the receipt included with the motion does not clearly reflect the address to which it was allegedly sent. It is, however, clear that no particular department of the GDB was specified in the address.

8. As stated by Co-Defendants GDB and Mariela Rexach in previous submissions to this Honorable Court, as a government employee sued in my personal capacity, I must wait for actual receipt of the summons and copy of the complaint in order to initiate the process of procuring legal representation from the Commonwealth of Puerto Rico, through the provisions of Act Number 9 of November 26, 1975, 32 L.P.R.A. §3085, which conditions such representation to an affirmative determination by the Secretary of Justice of Puerto Rico.

9. Inasmuch as I have not received the summons and copy of the Complaint and Plaintiff failed to properly certify the manner of service, I respectfully request this Honorable Court to (1) deny Plaintiff's motion for leave to file motion for default judgment, (2) order the Clerk to issue new summons directed to me, (3) order Plaintiff to properly serve the summons and copy of the Complaint upon me and, (4) order Plaintiff to properly certify the manner of service.

10. Only after I receive the summons and copy of the Complaint, I will be able to initiate the process to procure legal representation from the P.R. Department of Justice.

WHEREFORE, I respectfully request this Honorable Court to (1) deny Plaintiff's motion for leave to file motion for default judgment, (2) order the Clerk to issue new summons directed to me, (3) order Plaintiff to properly serve the summons and copy of the Complaint upon me, (4) order Plaintiff to properly certify the manner of service and, (5) grant me an extension of 45 days,

-4-

commencing on the date I actually receive the summons and copy of the complaint, to file my Answer to the Complaint or otherwise plead.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 29th day of September, 2010.

**WE HEREBY CERTIFY** that on this same date, the foregoing motion was physically filed with the Clerk of the Court, which will send notification of such filing to all CM/ECF participants in this case using the CM/ECF system. In addition, on this same date, I notified this filing to William Meléndez Menéndez, Esq., to his address of record: 410 Park Avenue, 15th Floor, #1223, New York, NY, 10022.

Guillermo Camba Casas
PRO SE
Government Development Bank for Puerto Rico
Office of Human Resources and Labor Relations
PO Box 42001
San Juan, P.R. 0040-2001