IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | Bankruptcy Case 09-10864 (BKT) |
| **Vicky Rodríguez Torres**<br>Debtor | CHAPTER 7 |
| **Vicky Rodríguez Torres**<br>Plaintiff | Adversary Proc. 10-00137 (BKT-7) |
| v. | 18 U.S.C. §1030<br>18 U.S.C. §2510<br>18 U.S.C. §2701 |
| **Enid López-López, Guillermo Camba-Casas,<br>Mariela Rexach Rexach, Government<br>Development Bank of P.R., et als.**<br>Defendants | 42 U.S.C. §1983<br>42 U.S.C. §1985<br>42 U.S.C. 1988<br>TORTS |

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE ANSWER TO COMPLAINT OR OTHERWISE PLEAD

TO THE HONORABLE COURT:

    **COMES NOW** co-defendant Enid López López ("López"), pro-se, and respectfully represents and prays as follows:

    1.    On August 9, 2010, the summons of this adversary proceeding were issued by the Clerk of the Court. See Dkt. 2.

    2.    On August 11, 2010, Plaintiff, through her counsel, filed a document titled Summons Service Executed which contained a "Notice of Service" stating, in pertinent, as follows:

> We hereby serve this Summons and a copy of the Complaint filed in the United States Bankruptcy Court as Adversary Proceeding 10-00137, on the following party, appearing in this case:
>
> Enid López López

-2-

> Such electronic filing constitutes proper service, pursuant to Fed. R. Civ. P. 5(b)(3) and L. R. Civ. P. 5.1(c), authorizing the use of the court's transmission facilities to make service. Under penalty of perjury, I declare that the foregoing is true and correct.

See Dkt. 5.

3. The document titled Summons Service Executed filed on August 11, 2010, also contained a "Certificate of Service" stating, in pertinent, as follows:

> I, William E. Melendez, certify that the service of this summons and a copy of the complaint was made on Enid López López, at this date, August 11, 2010, with the Clerk of the United States District Court of Puerto Rico, using the CM/ECF system. Such electronic filing constitutes proper service, pursuant to Fed. R Civ. P. 5(b)(3) and L.R.Civ.P. 5.1(c), authorizing the use of the court's transmission facilities to make service. Under penalty of perjury, I declare that the foregoing is true and correct, in New York, New York.

See Dkt. 5.

4. The document titled Summons Service Executed filed by Plaintiff on August 11, 2010, had an incorrect caption and incorrect case number. In addition, contrary to Plaintiff's indications, the summons and copy of the Complaint were not attached to the Notice. Moreover, the procedural rules invoked by Plaintiff, *i.e.*, Fed.R.Civ.P. 5(b)(3) and L.R.Civ.P. 5.1(c), are inapplicable to service of summons and copy of complaints. Instead, such rules refer to service of pleadings and other papers. The applicable rule for service of summons in adversary proceedings is Rule 7004 of the Federal Rules of Bankruptcy Procedure.

5. Evidently, Plaintiff's service of the summons and copy of the complaint was defective inasmuch as she failed to certify the correct manner of service. That is, although she certified having served the summons and copy of the complaint through CM/ECF, she actually sent them via mail.

-3-

6. On September 9, 2010, I received the summons and copy of the complaint via mail. Although Plaintiff, apparently, sent them on August 10, 2010, I did not receive them until September 7, 2010. The summons and copy of the complaint were mailed to my home address, however, for the last months I have stayed at my mother's residence because she is sick and I am taking care of her. That is why I did not receive the summons and copy of the complaint until September 9, 2010.

7. On September 27, 2010, Plaintiff filed a motion requesting leave to file a motion for default judgment against me because I have not answered the Complaint See Dkt. 13.

8. As stated by Co-Defendants GDB and Mariela Rexach in previous submissions to this Honorable Court, as a government employee sued in my personal capacity, I had to wait for actual receipt of the summons and copy of the complaint in order to initiate the process of procuring legal representation from the Commonwealth of Puerto Rico, through the provisions of Act Number 9 of November 26, 1975, 32 L.P.R.A. §3085, which conditions such representation to an affirmative determination by the Secretary of Justice of Puerto Rico. However, such determination has not yet been made.

9. Consequently, I respectfully request this Court (1) to deny Plaintiff's motion for leave to file a motion for default judgment and (2) to grant me an extension of time, until October 22, 2010, to file my Answer to the Complaint or to otherwise plead..

WHEREFORE, I respectfully request that Plaintiff's motion for leave to file a motion for default judgment be denied and that an extension of time, until October 22, 2010, to file my Answer to the Complaint or otherwise plead be granted.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 21 day of September, 2010.

-4-

**I HEREBY CERTIFY** that on this same date, the foregoing motion was physically filed with the Clerk of the Court, which will send notification of such filing to all CM/ECF participants in this case using the CM/ECF system. In addition, on this same date, I notified this filing to William Meléndez Menéndez, Esq., to his address of record: 410 Park Avenue, 15th Floor, #1223, New York, NY, 10022.

_____
Enid López López
PRO SE
**Cond. La Mancha**
**Ave. Isla Verde 6300**
**Apartamiento #314**
**Carolina, P.R. 00979**
**Tel. (787) 743-6055**
**Fax (787) 728-6646**
**Mobile (787) 642-7469**