# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **Bankruptcy Case** 09-10864 (BKT) |
| **Vicky Rodríguez Torres** | |
| Debtor | CHAPTER 7 |
| **Vicky Rodríguez Torres** | **Adversary Proc.** 10-00137 (BKT-7) |
| Plaintiff | |
| | **18 U.S.C. §1030** |
| v. | **18 U.S.C. §2510** |
| | **18 U.S.C. §2701** |
| **Enid López-López, Guillermo Camba-Casas,** | **42 U.S.C. §1983** |
| **Mariela Rexach Rexach, Government** | **42 U.S.C. §1985** |
| **Development Bank of P.R., et als.** | **42 U.S.C. 1988** |
| Defendants | **TORTS** |

## MOTION TO STAY DISCOVERY UNTIL RESOLUTION ON MOTION TO DISMISS AND REQUEST FOR URGENT HEARING

TO THE HONORABLE COURT:

COMES NOW, Co-Defendants, Mariela Rexach-Rexach (hereinafter "Rexach") and the Puerto Rico Governmental Development Bank (hereinafter "GDB"), through the undersigned counsel, and respectfully represent and pray:

**A.     INTRODUCTION**

The instant proceeding is the fourth time Plaintiff has filed an action against the GDB in less than 2 years.[1] During Rodríguez I and Rodríguez II, Plaintiff's vexatious discovery and improper multiplication of proceedings has unreasonably increased the cost of litigation. In Rodríguez I, after the case was summarily dismissed, the District Court issued an opinion and order granting GDB's

---

[1] See Vicky Rodríguez et al. v. GDB et al., U.S.D.C. Civil Case No. 09-1151 (JP) (Rodríguez I); Vicky Rodríguez et al. v. GDB et al., U.S.D.C. Civil Case No. 09-2199 (FAB) (Rodríguez II), and; Vicky Rodríguez v. GDB, administrative proceeding before the Office of Official Examiner of the GDB. (Rodríguez III).

-2-

motion for attorneys' fees in the amount of $41,416.25. Plaintiffs and their counsel were ordered to pay $41,416.26 to the GDB—a sum which to this day has not been satisfied. See Rodríguez I, Dkt. 278.[2] Although Rodríguez II is still pending resolution (a Motion for Summary Judgment on grounds of judicial estoppel was filed on July 2, 2010), the discovery process has, again, been excessively contentious and costly because of Plaintiff's overly burdensome, irrelevant, broad and unspecific discovery requests, particularly that which relates to electronically stored information ("ESI"), so much so that it was stayed by the Court on May 21, 2010, in light of the multitude of cross motions to compel and for protective order. See Rodríguez II, Dkt. 60. To this effect, issues regarding the relevance and scope of Plaintiffs' discovery in that case remain *sub judice.*

More specifically, in Rodríguez I, the District Court, Judge Pieras presiding, through an order dated January 20, 2010, denied Plaintiff's motion to compel discovery requests and for discovery sanctions. The Court held in essence that (1) information requested in four interrogatories was irrelevant, in light of Plaintiffs' pleadings; (2) ESI requested by Plaintiffs was not reasonably accessible, and Plaintiffs failed to show good cause for that request; and (3) request for production of personnel files of third parties employed in same departments as one plaintiff was completely irrelevant to claims in complaint. See Rodríguez Torres v. GDB, 265 F.R.D. 40 (D.P.R. 2010).

In Rodríguez II, with respect to electronic discovery, Plaintiffs filed three different motions under Rule 37 seeking relief for the Bank's alleged failure to disclose. See Rodríguez II, Dkts. 41, 54 and 55. All three motions were opposed by the GDB (see Rodríguez II, Dkts. 71-73) and are currently pending resolution by the District Court. Similar discovery requests of ESI were denied by the Official Examiner presiding Plaintiff's administrative proceeding in the GDB. In other words,

---

[2] On August 11, 2010, the GDB filed an adversary proceeding against Debtor for nondischargeability of the award of attorney's fees for wilfull and malicious injury under 11 U.S.C. §523(a)(6). See Adv. Proc. No. 10-00139 (BKT).

-3-

Plaintiff has already sought, albeit unsuccessfully, in her previous cases against the GDB, the same electronic discovery which she intends to obtain in the instant proceeding. The instances listed above are just a small sample of the numerous events that have resulted in an extremely contentious discovery proceedings.

Now, considering Plaintiff's "conspiracy to destroy evidence" allegations which, as stated in the motion to dismiss, are no more than conclusions devoid of any factual enhancement, and in view of Plaintiff's Rule 26 initial disclosures, produced on October 14, 2010, it seems this case is destined to suffer the same fate as the others, meaning Plaintiff's clear intent to perform the same overbroad, burdensome and irrelevant ESI discovery that was denied in the previous proceedings. Co-Defendants respectfully urge this Honorable Court to "grab the bull by its horns" and stop this abuse of the legal process.

Moreover, this court should not lose sight of a very important difference between the instant proceeding and the previous cases between the parties. In this proceeding, Plaintiff has included GDB's external counsel, Mariela Rexach ("Rexach"), as a defendant. Rexach has been the GDB's counsel of record in all matters filed by Rodríguez against the GDB, i.e., Rodríguez I, II and III.[3] Co-Defendants submit that Plaintiff's action is clearly an improper, and likely unethical, attempt to prevent Rexach's participation as counsel of the GDB in the instant proceeding. In addition, the inclusion of Rexach as Co-Defendant responds to Plaintiff's interest in engaging in a fishing expedition to obtain communications between Rexach and the GDB that are clearly protected by the attorney-client privilege. This argument takes more relevance in light of Plaintiff's vague allegations

---

[3] On September 29, 2010, Rexach filed a motion, under Rule 3.7(a)(3) of the Model Rules of Professional Conduct requesting leave of court to appear as counsel. See Dkt. 16.

-4-

against Rexach in the Complaint and the kind of documentary and testimonial evidence listed in her Rule 26 disclosures which allegedly support her claims. See Exhibit A.

    B.    **REQUEST TO STAY DISCOVERY UNTIL RULING ON MOTION TO DISMISS**

On September 21, 2010, the appearing Co-Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. See Dkt. 11. As this court is aware, the motion to dismiss is premised on threshold arguments such as (1) lack of subject matter jurisdiction; (2) insufficiency of the pleadings; (3) plaintiff's lack of standing, and; (4) collateral estoppel.

On September 28, 2010, this Honorable Court issued an Order granting Plaintiff 30-days to respond to the Motion to Dismiss. Plaintiff's opposition is, therefore, due on October 28, 2010. See Dkt. 19.

Co-Defendants respectfully asks the court to stay discovery until the motion to dismiss is adjudicated. The motion to dismiss addresses fundamental and preliminary questions that may dispose of the case at an early stage of the proceedings. See e.g., Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (discovery properly deferred where nothing that Plaintiff could have learned through discovery could have affected resolution of motion); see also Fed. R. Civ. P 26(c) (which provides that a federal district court has discretion to stay discovery "for good cause shown."). Moreover, the First Circuit Court of Appeals has held that "as a general matter, trial courts should give Rule 12(b)(1) motions precedence." See Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2001). In so holding, the First Circuit Court of Appeals held that "trial courts have broad discretion in determining the timing of pretrial discovery." Id. at 38. This discretion obtains where, as here, the question is whether to permit discovery before deciding jurisdictional issues. See

-5-

Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 801 (1st Cir. 1992). Moreover, a plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Grieco v. Department of Treasury of Puerto Rico, 685 F.Supp.2d 309, 310 (D.P.R. 2010).

The same happens with a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The United States Congress and the Supreme Court have reiterated several times that when the allegations in a complaint are fails to state a claim upon which relief may be granted, Defendants should not be forced to engage in discovery. See e.g., H.R. Conf. Rep. No. 104-369, p. 31 (1995), U.S.Code Cong. & Admin.News 1995, pp. 679, 730 (criticizing "abusive" practices including "the routine filing of lawsuits ... with only [a] faint hope that the discovery process might lead eventually to some plausible cause of action"); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)(holding that is inappropriate to permit a plaintiff "with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence."); Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007)(holding that some threshold of plausibility must be crossed at the outset before a case should be permitted to go into its inevitably costly and protracted discovery phase, and; that insufficiency of pleadings should be exposed at the point of minimum expenditure of time and money by the parties and the court.) (quoting Asahi Glass Co. v. Pentech Pharmaceuticals, Inc., 289 F.Supp.2d. 986, 995 (N.D.Ill. 2003) and 5 Wright & Miller §1216, at 233-234 (quoting Daves v. Hawaiian Dredging Co., 114 F.Supp. 643 (D. Hawaii 1953)).

-6-

In sum, where there is a preliminary question that may dispose of the case—like the one presented in Defendant's Motion to Dismiss—a "trial court has broad discretion and inherent power to stay discovery . . . ." Petrus v. Bowen, 833 F.2d 581, 583 (5t Cir. 1987). Co-Defendants contend that a stay of discovery is appropriate where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving time and expense. Consequently, Defendant asks that the Court stay discovery until the Court rules on the pending Motion to Dismiss.

    C.    **RULE 26(a)(1)(A) DISCLOSURES**

On October 13, 2010, the parties held the Rule 26(f) conference. During the conference, Plaintiff's counsel was hardly able to explain Plaintiff's theory, nature and basis of her claims. Plaintiff's counsel articulated that Plaintiff's claims were related to an alleged conspiracy by Co-Defendants to destroy evidence about Plaintiff's previous claims against the GDB, which he claims continues to this day. As anticipated, Plaintiff's counsel stated that Plaintiff intends to rely on ESI discovery to be requested from the GDB. However, Plaintiff's counsel was not able to articulate the scope of the intended discovery to be requested in terms of what it is that Plaintiff substantively seeks, asserting hat he was not yet in a position to do so, was too technical and would need a "graph" to explain it. The appearing counsels, in turn, discussed Defendants' defenses, as already set forth in the motion to dismiss.

On October 14 and 15, 2010, Plaintiff and Co-Defendants exchanged their Rule 26(a)(1)(A) initial disclosures, respectively. As part of Co-Defendants' Rule 26(a)(1)(A) initial disclosures, Plaintiff was made aware of Co-Defendant's insurance agreements as required by Rule 26(a)(1)(A)(iv) of the Fed. R. Civ. P. However, consistent with Co-Defendants' position to stay discovery pending resolution of the motion to dismiss, the insurance agreements were not provided

-7-

to Plaintiff for inspection and copying as under Rule 34. Co-Defendants submit that, at this moment, and until the Court rules on the Motion to Dismiss, they should not be forced to specifically disclose to Plaintiff the information about the insurance agreements. Rule 26(f)(3)(A) permits the parties to propose changes to the timing, form or requirements for disclosures under Rule 26(a). Therefore, Co-Defendants respectfully request that the Court postpone the timing of the insurance agreements' disclosure until the motion to dismiss is adjudicated. This, in order to preempt further vexatious behavior on the part of Plaintiff and her counsel.

### D. DISCOVERY PLAN

Rule 26(f)(2) of the Fed.R.Civ.P. provides the discovery plan to be submitted within fourteen (14) days after the Rule 26(f)(1) conference. Consequently, since the parties conference was held on October 13, 2010, the deadline to file the discovery plan expires on October 27, 2010, not on October 15, 2010 as argued by Plaintiff. However, consistent with the position stated above, engaging in any discovery prior to resolution of the Motion to Dismiss would only cater to Plaintiff's vexatious litigation tactics in the instant case. We cannot emphasize enough that this proceeding is but the *fourth* incarnation of plaintiff's efforts to harass the GDB with discovery fishing expeditions. After the Rule 26(f) conference and receipt of Plaintiff's initial disclosures it is once again obvious Plaintiff does not have any concrete facts or evidence to support her claims and simply hopes to obtain them through overbroad and irrelevant discovery which has been repeatedly denied her in multiple fora. Indeed, this is Plaintiff's attempt at a *fourth* bite of the discovery apple and it should be disallowed by Court—at very least until the Motion to Dismiss is resolved.

In any case, the fact remains that the parties were unable to reach any agreement with respect to discovery and preparing a plan for the same. As stated above, the appearing Co-Defendants'

-8-

position is that Plaintiff should be required to overcome the arguments with respect to insufficiency of the pleadings, collateral estoppel doctrine, standing, lack of subject matter jurisdiction prior to engaging in discovery.

### E. REQUEST FOR URGENT HEARING

While we are loath to occupy the Court's time with these matters, we understand that if the purposes of the Federal Rules of Civil Procedure are to be adequately served, discovery abuses and other vexatious pre-trial behavior should be brought to the Court's attention as soon as possible so that they can be immediately curtailed. The benefit provided by the Rules' policy of deterrence is lost if parties wait until the end of the case to bring these matters to the attention of the Court. See Matter of Yagman 796 F.2d 1165, 1184 (9th Cir. 1986). Consequently, we urge this Court to schedule a hearing, at the earliest date available, to address Co-Defendants' instant request for a stay of discovery proceedings until the Motion to Dismiss is adjudicated. Co-Defendants are confident that, if a hearing is scheduled in an expedited fashion, the Court will fully appreciate the discovery situation, curtail vexatiousness and harassment, and prevent the unnecessary waste of time and resources.

WHEREFORE, Rexach and GDB respectfully request this Honorable Court to (1) stay discovery proceedings until resolution on the Motion to Dismiss and (2) schedule a hearing at the earliest date possible to address the issues stated in the present motion, with such further relief as this Court deems proper and just.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of October 2010.

CERTIFICATE OF SERVICE

-9-

IT IS HEREBY CERTIFIED that on this same date, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants, and caused it to be served on the next business day via a third party court authorized noticing provider BK Attorney Services to: William Meléndez, Esq., 410 Park Avenue 15th Floor #1223, New York, NY 10022.

                **SCHUSTER AGUILÓ LLP**
                PO Box 363128
                San Juan, Puerto Rico 00936-3128
                Tel: (787) 765-4646; Fax: (787) 765-4611

                **s/ Andrés C. Gorbea Del Valle**
                **Andrés C. Gorbea Del Valle**
                USDC PR No. 226313
                agorbea@salawpr.com