# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **Bankruptcy Case** 09-10864 (BKT) |
| **Vicky Rodríguez Torres** | |
| Debtor | CHAPTER 7 |
| **Vicky Rodríguez Torres** | **Adversary Proc.** 10-00137 (BKT-7) |
| Plaintiff | |
| | **18 U.S.C. §1030** |
| v. | **18 U.S.C. §2510** |
| | **18 U.S.C. §2701** |
| **Enid López-López, Guillermo Camba-Casas,** | **42 U.S.C. §1983** |
| **Mariela Rexach Rexach, Government** | **42 U.S.C. §1985** |
| **Development Bank for P.R., et als.** | **42 U.S.C. 1988** |
| Defendants | **TORTS** |

## REPLY TO OPPOSITION TO MOTION TO DISMISS

COMES NOW, Co-Defendants, the Governmental Development Bank for Puerto Rico (hereinafter "GDB") and Mariela Rexach-Rexach (hereinafter "Rexach"), through the undersigned counsel, respectfully state, allege and pray:

On August 9, 2010, Vicky Rodríguez ("Debtor" or "Plaintiff") filed the instant adversary proceeding. See Dkt. 1. Therafter, on September 21, 2010, the appearing Co-Defendants filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) alleging (1) lack of subject matter jurisdiction, (2) failure to state claims upon which relief may be granted, and (3) collateral estoppel. See Dkt. 11. Plaintiff opposed the same on November 1, 2010. See Dkt. 48. We respectfully submit to the Court Plaintiff's Opposition altoghether ignores the applicable standard of review and is as specious as the Complaint.

## I. LACK OF JURISDICTION

It is well settled that once a defendant challenges a court's subject matter jurisdiction, as the GDB did in its motion to dismiss, the plaintiff (also debtor in this case) has the burden of establishing that such jurisdiction exists. See Puerto Rico Tel. v. Telecom. Regulatory Bd., 189 F.3d 1, 7 (1st Cir. 1999); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). Evidently, Plaintiff has failed to met such burden. Instead, Plaintiff argues, as broadly and conclusorily as has been her custom in the myriad cases filed against the GDB, that the Court has jurisdiction, see Opposition, p. 26, ¶86, going as far as suggesting that the instant proceeding "is as much a core proceeding pursuant to 28 U.S.C. §157, as is the Adversary Proceeding initiated by co-defendant GDB, 10-00139."[1] See Opposition, pp.26-27, ¶87. This argument is flatly contradicted by the fact that, contrary to the instant proceeding, the adversary proceeding filed by the GDB stems from the Bankruptcy Code itself, specifically from 11 U.S.C. §523(a)(6), and is one of the sixteen (16) core proceedings expressly listed in 28 U.S.C. 157(b)(2). See 28 U.S.C. §157(b)(2)(I). On the other hand, the causes of action brought by Plaintiff arise from the Computer Fraud and Abuse Act, 18 U.S.C. §1030, the Wiretap Act, 18 U.S.C. §2510, the Stored Communications Act, 18 U.S.C. §2701 and other federal and local statutes, and as such, "do not stem from the [Bankruptcy] Code itself . . . , would [ostensibly] survive outside bankruptcy, and, in the absence of bankruptcy, would have been initiated in a state or district court." Ralls v. Docktor Pet Centers, Inc., 177 B.R. 420, 424-25 (D.Mass. 1995).

Plaintiff's argument to the effects that "[t]he acts which form the basis of this complaint are

---

[1] Plaintiff refers to the non-dischargeability complaint filed by the GDB under 11 U.S.C. §523(a)(6). See Adversary Proceeding No. 10-00139 (BKT).

precisely the source of the defenses that Plaintiff can oppose to GDB in 10-00139 (BKT), and consequently GDB will be lacking an actionable claim in said case if any of debtors contentions in the present claim were true", see Opposition, p. 27, ¶88, is without merit and simply incorrect. The nondischargeability complaint filed by the GDB (Adv. Proc. No. 10-00139 (BKT)) has nothing to do with the facts of this case. As this Court is aware, the adversary proceeding filed by the GDB is premised on the factual findings contained in the Opinion and Order issued by the U.S. District Court for the District of Puerto Rico in Rodríguez I (Civil No. 09-1151 (JP)) granting an award of attorney's fees in the amount of $41,416.25 in favor of the GDB. On the other hand, the instant proceeding is premised on an alleged "conspiracy to destroy evidence". Therefore, one case has nothing to do with the other.

At any rate, the arguments raised in Plaintiff's opposition are insufficient to establish the Court's subject matter jurisdiction over the instant proceeding. More so, considering that Plaintiff herself seems to concede a lack of jurisdiction when, in order to argue her standing, she suggests that a portion of her claim "do[es] not form part of the bankruptcy estate". See Opposition, p. 27, ¶ 89. Following this line of argument through to its obvious end: if her claim is not part of the bankruptcy estate, then its outcome could not conceivably have an effect on the estate being administered and would not alter her rights, liabilities, options or freedom of action or in any way impact the handling and administration of the bankruptcy estate, and consequently, the instant proceeding is a non-core non-related proceeding over which the Court does not have subject matter jurisdiction. See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984). Either way, her contentions fail and the Court should dismiss the case.

## II. LACK OF STANDING

With respect to standing, Plaintiff cited In re Sobiech, 125 B.R. 110, 113 (Bankr. S.D.N.Y., 1991), in support of her contention that "debtor has standing to bring the present claim". See Opposition, p. 27, ¶89. However, said case does not stand for such a proposition. Instead, the Court in Sobiech held that a Chapter 7 debtor had standing to file an objection to a claim filed by a creditor, when such objection does not interfere with the trustee's administration of the estate. Id. at 113. Sobiech did not hold that a Chapter 7 debtor has standing to pursue causes of action belonging to the bankruptcy estate.

Plaintiff further argues that Co-Defendants' alleged "conspiracy to destroy evidence" began on November 2008 and has continued until the present date. See Opposition, p. 27, ¶¶ 88-89. Consequently, she asserts, without relying on any legal authority, that the part of her claim based on Co-Defendants' pre-petition acts belongs to the bankruptcy estate, but the part of her claim based on Co-Defendants' post-petition acts does not belong to the estate. This distinction is, however, contrary to applicable case law. In Segal v. Rochelle, 382 U.S. 375 (1966), the Supreme Court held that "a cause of action will be 'property of the estate' if it has sufficient roots in the debtor's pre-bankruptcy activities and is not entangled with the debtor's 'fresh start'." Id. at 380. Evidently, the instant proceeding has sufficient roots in debtor's pre-bankruptcy activities and is certainly not entangled with debtor's fresh start. For example, Plaintiff's "conspiracy theory" is premised, essentially, on the deposition testimony of co-defendant, Enid López, during discovery proceedings in Rodríguez I. Said deposition was held on August 26, 2009, *i.e.*, pre-petition. Therefore, Plaintiff unsupported allegations that Co-Defendants "conspiracy" has continued until the present cannot have the effect of rendering the instant proceeding outside of the bankruptcy estate, even if proven

true.

At the moment Debtor's bankruptcy petition was filed, her Chapter 7 bankruptcy estate was created, her interests in these causes of action vested in the estate, and all of the legal ramifications attendant to creation of such an estate came into existence. The trustee became the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate. Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003) (citing Wieburg v. GTE Southwest Inc., 272 F.3d 302, 306 (5th Cir. 2001)); Welsh v. Quabbin Timber, Inc., 199 B.R. 224, 229 (D.Mass. 1996) (holding that debtor lacks standing to pursue action even over unscheduled claims). Accordingly, it is the trustee, not Rodríguez, who is the real party in interest with standing to continue pursuing this action. See Vidal v. Doral Bank Corp., 363 F.Supp.2d 19, 22 (D.P.R. 2005).

Moreover, it is hornbook law that the bankruptcy trustee is the legal representative of the bankruptcy estate, with capacity to sue and be sued. See 11 U.S.C. §323. Therefore, the causes of action brought by Debtor are property of the bankruptcy estate, at least until the trustee abandons them. See Vreugdenhil v. Hoekstra, 773 F.2d 213, 215-16 (8th Cir. 1985) (noting that authorities agree, although on various rationales, that a debtor may not prosecute his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee). Although Debtor indicates that such defect is easily cured by obtaining the trustee's ratification to proceed with the action, or obtaining the abandonment of the present claim, as of this date, the Chapter 7 trustee has done neither, and thus, Debtor's lack of standing persists and she fails to state a claim upon which relief may be granted.

We pause to note Plaintiff's and her counsel's pattern, exhibited through the myriad proceedings filed against the GDB in both this Court and the District Court, of flouting procedural

rules and basic principles of jurisdiction, standing, candor and even ethics in order to flightily state these missteps can be "easily corrected" when the Chapter 7 trustee abandons the claim. A debtor should not be allowed to usurp the role of the Chapter 7 with such impunity. Such conduct should not be tolerated by the Court and is but another example of Debtor's and her counsel's attempt to "play fast and lose" with the Courts. See Rodríguez v. GDB, __ F.Supp. 2d __, Civil No. 09-2199 (FAB), 2010 WL 4371428, at * 7 (D.P.R. Nov. 4, 2010) (hereinafter Rodríguez II) (dismissing Rodríguez' claim on grounds of judicial estoppel and noting her failure to disclose the Complaint to the Bankruptcy Court endanger the integrity of the courts and warrant application of said doctrine).

### III. LACK OF PLAUSIBILITY

As discussed in Co-Defendants' Motion to Dismiss, Rule 8(a)(2) requires a "short and plain statement showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). We respectfully submit to the Court that there is nothing "plausible" about Plaintiff's Complaint.

In reviewing Plaintiff's Opposition not only does she ignore the applicable standard of review, making conclusory references to alleged "admissions" and evidence without identifying their source or disclosing their nature, at times she argues against contentions which are not even raised by Co-Defendants' motion. We can only wonder whether the web of confusion she has woven through the multiplicity of cases she has prosecuted against the GDB has finally caught up with her. What is pending before the Court is a Motion to Dismiss under Rules 12(b)(1) and (b)(6), not a

Motion for Summary Judgment under Rule 56. At issue is the sufficiency of Debtor's pleadings and whether or not she states a claim that is plausible on its face. Plaintiff can argue about "admissions" until she is blue in the face, but if she neglects to disclose the factual underpinnings of these so-called "admissions" they are nothing more than conclusory statements, insufficient to survive dismissal under Rule 12(b)(6). What is worse, as is further described below, Debtor's averments are not only conclusory and devoid of factual support, they are directly contradicted by Enid López' deposition testimony, which, as it appears from the face of the Complaint, is the very root of her Complaint.

It is quite astonishing that while Plaintiff incorporates López' deposition testimony into her Complaint, like an ostrich who sticks her head in the sand, her Opposition altogether fails to address Co-Defendants arguments that the deposition does not at all state what Plaintiff represents to this Court in her Complaint. Co-Defendants submitted the *entire* transcript of López' deposition for this Court to review and appreciate for itself that Plaintiff and her counsel are being mendacious, that Plaintiff's counsel nowhere asked the questions they claimed to have asked her during her deposition and that López nowhere testified what the Complaint states she did. Contumaciously, Plaintiff, through her counsel, restates in her Opposition was is clearly not true, see, e.g., Opp'n at ¶¶ 30-33, and sets about embellishing further with new allegations which are conspicuously lacking in substance and foundation. Plaintiff tacks on sinister refrains such as "destruction of relevant evidence," "routine deletion," "selective deletion," "deliberate deletion" or "permanent destruction" to virtually every paragraph in her Opposition as if somehow her burden under Rule 12(b)(6) could be met simply through repetition of these phrases. Notably, as is the case with the Complaint, she nowhere identifies what was deleted or the basis of her conclusion that it was relevant. Also notable

is her utter disregard of what transpired in Rodríguez I, of which this Court can take judicial notice under Rule 12(b)(6), and the fact that the Court, in effect, expressly denied Plaintiff's electronic discovery requests as overbroad, irrelevant and burdensome. See Rodríguez I, Dkt Nos. 207, 208, & 237; Rodríguez v. Government Development Bank, 265 F.R.D. 40, (D.P.R. 2010). So while it is true that Plaintiff was denied access to the discovery she sought, it was not by virtue of a conspiracy to deprive her of the evidence she was entitled to receive but, rather, it was by operation of discovery orders entered by the District Court. She tried again in Rodríguez II, but discovery was stayed pursuant to the GDB's request for a protective order. See Rodríguez II, at Dkt. No.60. Plaintiff and her counsels specious efforts to represent otherwise to this Court are indeed deplorable and unethical.

Plaintiff stubbornly insist that she has met her pleading standard, yet fails to exert even the most minimal effort to set forth factual allegations respecting each material element of her myriad claims. The use of convoluted technical jargon as a smokescreen is simply unavailing. Her failure to state out her theories clearly and distinctively warrants dismissal by the Court. See Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 183 (1st Cir. 1989).

As to the CFAA claim, and regardless of what Plaintiff attempted to represent in her Opposition, the Complaint fails to provide sufficient factual content to establish that López' access was "unauthorized" or in "excess of authorization" as required by the Act. See Motion to Dismiss at 15-18. The Complaint also fails to spell out how the alleged "loss" is actionable under the Act or that she suffered the kind of "damage" required. See id. at 19-20. Plaintiff's claim for relief under the CFAA is therefore not plausible under the holdings of Twombly and Iqbal and should be dismissed.

Regarding Plaintiff's claims under the Electronic Communications Privacy Act Plaintiff's Opposition pitiably suggests to the Court that López intercepted e-mails "while in flight in their corresponding journaling and transaction logs before being delivered to their recipients." See Opposition at 33-34. Tellingly, not only is this statement not included in the Complaint, see Complaint ¶¶ 51-57, Plaintiff nowhere avers what was intercepted, when it was intercepted or even who the intended recipients where. We submit to the Court this is a barefaced fabrication which clearly does not meet Rule 8's pleading standard.

Debtor's contentions in her Opposition regarding the tort of spoliation and Rexach's actions similarly fail Rule 12(b)(6) review. Invective rhetoric is ineffectual. Moreover, it is truly lamentable that Plaintiff's counsel does not take pause before making irresponsible and unfounded accusations against a colleague and seems bent in presenting this Court with lies which would be actionable as defamation were it not for the fact that they are raised in a judicial proceeding. Plaintiff's Opposition speaks about generalized admissions allegedly made by Rexach regarding wrongful conduct, yet fails to disclose the exact nature of these admissions, where they can be found or when they were made. Not only are Plaintiff's conclusory averments insufficient to make her right to relief plausible, we submit to the Court Plaintiff and her counsel are presenting this Court with blatant lies. It is untenable that it is the GDB and its counsel who have been dragged before this Court on baseless and irresponsible accusations, when it has been Plaintiff and her attorney who have been repeatedly sanctioned for frivolous and vexatious litigation conduct and their attempt to commit fraud on the Court. See Rodríguez II, 2010 WL 4371428; Rodríguez I, 708 F.Supp 2nd 195, (D.P.R. 2010). This Court should not stand for this abuse of process.

Plaintiff dismisses Co-Defendants' collateral estoppel argument with three paragraphs.

While she recognizes that the instant claim overlaps with events considered by the District Court in Rodríguez I, she suggests she is entitled to relief for events that continue to this day. However, insofar as the Court in Rodríguez I found that López' testimony in deposition was not suggestive of spoliation and the totality of Plaintiff's present complaint extrapolates from that single statement contained at pages 70-71 of the deposition,[2] her conclusion that spoliation of evidence, unauthorized access to protected computers and interception of e-mails "in flight" continues to this day is simply not plausible from the anemic factual context averred in the Complaint. The District Court in Rodríguez I has already decided this issue against Plaintiff. Her attempts at a second (or third) bite at the apple through the filing of the present complaint should be sternly disallowed.

## IV. CONCLUSION

As argued in Co-Defendants' Motion to Dismiss, Plaintiff's allegations in the Complaint, based on conjecture and devoid of factual support, are not entitled to any credence and need not be accepted as true. As this Court can appreciate from the transcript of López' deposition, the averments included in the Complaint and the Opposition are, in fact, false. Thus, from the face of Plaintiff's Complaint not only does this Court lack jurisdiction, but also plaintiff has failed to state a claim upon which relief can be granted. The present adversary complaint should accordingly be dismissed. Co-defendants further request that severe sanctions be imposed upon plaintiff and her counsel for the evident mendacity.

WHEREFORE, Rexach and GDB respectfully request that this Court dismiss the present adversary Complaint for lack of jurisdiction and/or failure to state a claim and impose appropriate and severe sanctions for their evident mendacity.

---

[2] See Motion to Dismiss, Exhibit A.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of November, 2010.

IT IS HEREBY CERTIFIED that on this same date, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants, and caused it to be served on the next business day via a third party court authorized noticing provider BK Attorney Services to: William Meléndez, Esq., 410 Park Avenue 15th Floor #1223, New York, NY 10022.

| | |
|---|---|
| **SCHUSTER AGUILÓ LLP** | **SONIA COLÓN LAW OFFICES, P.A.** |
| PO Box 363128 | P.O. Box 621597 |
| San Juan, Puerto Rico 00936-3128 | Orlando, Florida 32862-1597 |
| Tel: (787) 765-4646; Fax: (787) 765-4611 | Telephone: 407-574-8272 |
| | Facsimile: 888-537-4536 |
| | |
| **s/ Andrés C. Gorbea Del Valle** | **s/ Sonia E. Colón** |
| **Andrés C. Gorbea Del Valle** | **SONIA E. COLÓN** |
| USDC PR No. 226313 | USDC PR No. 213809 |
| agorbea@salawpr.com | sonia@soniacolonlaw.com |