**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **VICKY RODRIGUEZ TORRES** | **CASE NO. 09-10864 BKT** |
|  | **CHAPTER 7** |
| **Debtor(s)** | **ADVERSARY NO. 10-00137** |
| | |
| **VICKY RODRIGUEZ TORRES** | |
| **Plaintiff** | |
| **VICKY RODRIGUEZ TORRES** | **FILED & ENTERED ON 01/28/2011** |
| **WIGBERTO LUGO MENDER ,TRUSTEE** | |
| **Defendant(s)** | |

## DECISION AND ORDER

This proceeding is before the Court upon the Defendants' motion to dismiss [Dkt. No. 11], the Plaintiff's opposition to the Defendants' motion to dismiss [Dkt. No. 48], the Co-Defendants' reply to the Plaintiff's opposition to the Defendants' motion to dismiss [Dkt. No. 56], and the Co-Defendants' motion to join the Defendants' motion to dismiss [Dkt. No. 63]. For the reasons set forth below, the Defendants' motion to dismiss is GRANTED.

## I. STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure, made applicable to the present proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, permits a defendant in Federal court to move to dismiss a claim when a court lacks subject matter jurisdiction to entertain the action, or when the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b). When considering a motion to dismiss under rule 12(b)(1) or (6), the "court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Fernandez Molinary v. Industrias La Famosa, Inc., 203

F.Supp.2d 111, 114 (D.P.R. 2002); Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). The burden of proving that subject matter jurisdiction exists does not fall on the defendant, but on the plaintiff. Aversa, 99 F.3d at 1209.

## II. FACTUAL BACKGROUND

The Plaintiff's complaint alleges intentional spoliation of evidence, violations of various federal statutes regulating electronic communications (specifically The Computer Fraud and Abuse Act, 18 U.S.C. 1030, the Wiretap Act, 18 U.S.C. 2510, the Electronic Communications Privacy Act, 18 U.S.C. 2510, and the Stored Communications Act, 18 U.S.C. 2701), and various civil rights violations. The crux of the Plaintiff's argument is that the Defendants (her former employers) failed to maintain an email system that would keep communications as required by these various Federal statutes, or alternatively, that the Defendants actively destroyed the same, to the detriment of her employment discrimination suit. The Defendants now move to dismiss the complaint under rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, alleging (1) lack of subject matter jurisdiction, (2) failure to state claims upon which relief may be granted, and (3) collateral estoppel. Fed. R. Civ. Pro. 12(b)(1), (6).

## III. LEGAL ANALYSIS AND DISCUSSION:

The allegations in the Plaintiff's complaint rely solely on the testimony of a defendant in an action brought by the Plaintiff in the United States District Court for the District of Puerto Rico. [Dkt. No. 11, Exhibit A2, 70-71]; Rodríguez, et. al. v. Government Development Bank of PR, et. al., United States District Court for the District of Puerto Rico, Civil No. 09-01151-JP (hereinafter Rodríguez I). In that case the Plaintiff also alleged improper storage and/or mishandling of

information by the same Defendants. The Plaintiff's complaint recognizes that the instant claim overlaps with allegations considered by the District Court in Rodríguez I, but she suggests that that decision should not be dispositive because the improper storage and/or mishandling of information allegedly continues to this day. However, the Plaintiff cites no evidence other than that presented in Rodríguez I to support this allegation. As a result, her claim may be barred by the doctrine of *res judicata.*

The doctrine of *res judicata* operates to preclude parties from contesting matters that they have had a full and fair opportunity to litigate; protects their adversaries from the expense and vexation of attending multiple lawsuits; conserves judicial resources; and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. Montana v. United States, 440 U.S. 147, 153-154 (1979). If a new complaint grows out of the same transaction or series of connected transactions as the prior complaint, the causes of action are considered to be identical for purposes of res judicata. Haag v. U.S., 589 F.3d 43, 46 (1st Cir. 2009). To trigger this doctrine, there must be (1) a final judgment on the merits in an earlier suit, (2) sufficient similarity between the causes of action asserted in the earlier and later suits, and (3) sufficient similarity between the parties in the two suits. Coors Brewing Co. v. Mendez-Torres, 62 F.3d 3, 8 (1st Cir. 2009). All three of these factors apply to the present controversy.

When the Plaintiff brought this action in the District Court, she "fail[ed] to present [the] Court with any evidence tending to show that information has been lost in the process used by the Bank. Instead, [she relies] on the statements by Defendant López." Rodríguez I, Dkt. No. 169. The Court in Rodríguez I went on to find that the testimony of López on which the Plaintiff's present complaint relies, (that in the ordinary course of business, she [López] deletes emails to prevent her

inbox from becoming full), does not support the conclusion that evidence has been destroyed. Because the Plaintiff has not proffered any additional evidence, and the totality of her present complaint merely extrapolates from a statement found to be unsupportive of her identical claim in the District Court, her conclusion that spoliation of evidence, unauthorized access to protected computers, and interception of e-mails "in flight" continues to this day is without merit and barred by the doctrine of *res judicata*.

Furthermore, the Plaintiff has failed to explain why she has standing to pursue this action in light of the appointment of a Chapter 7 Trustee who has not abandoned the case. See Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 & n.5 (1st Cir. 2001) (noting that a debtor's cause of action belongs to the estate, and that trustee, as opposed to debtor, possesses standing to pursue the action). Even if this Court did have jurisdiction to hear this dispute, which is doubtful considering the lack of factual discrepancies differentiating this claim from the one already decided on its merits by the District Court, the Plaintiff would not have standing to bring this claim.

Finally, the Defendants have moved for sanctions against the Plaintiff for bringing frivolous and vexatious litigation under Rule 9011 of the Federal Rules of Bankruptcy Procedure. In construing Rule 9011, courts have looked to cases involving Fed. R. Civ. Pro. 11, which is substantively similar to Rule 9011. In re Sylver, 214 B.R. 422, 428 (1st Cir. BAP 1997). Both rules require attorneys "to conduct [themselves] in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system." Figueroa-Rodriguez v. Lopez-Rivera, 878 F.2d 1488, 1491 (1st Cir. 1988) (quoting In re D.C. Sullivan Co., 843 F.2d 596, 598 (1st Cir.1988)), aff'd in part on rehearing en banc, 878 F.2d 1478 (1989). Once a violation of Rule 9011 is found, the imposition of sanctions is mandatory. Business Guides, Inc. v. Chromatic

Communications Ent., Inc., 498 U.S. 533, 543 (1991).

The Advisory Committee Notes to Fed. R. Civ. Pro. 11 state in pertinent part:

The rule does not attempt to enumerate the factors a court should consider in deciding whether to impose a sanction or what sanctions would be appropriate in the circumstances; but, for emphasis, it does specifically note that a sanction may be nonmonetary as well as monetary. Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; **whether the person has engaged in similar conduct in other litigation**; whether it was intended to injure; **what effect it had on the litigation process in time or expense**; **whether the responsible person is trained in the law**; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants; all of these may in a particular case be proper considerations. Advisory Committee Notes on 1993 Amendment, subdivisions (b) and (c) (emphasis added)

This Court finds sanctions to be appropriate to deter the Plaintiff from continuing to pursue this fruitless claim, and to compensate the Defendant for having to defend the same.

WHEREFORE, IT IS ORDERED that the Defendant's motion to dismiss shall be, and hereby is, GRANTED.  Plaintiff shall pay the Defendants' fees and expenses. The Defendants are ordered to submit a motion within fourteen (14) days setting forth fees and expenses incurred in defending this adversary proceeding.  Judgment will be entered accordingly.

**SO ORDERED.**

**San Juan, Puerto Rico, this 28 day of January, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**