## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **Bankruptcy Case** 09-10864 (BKT) |
| **Vicky Rodríguez Torres**<br>Debtor | CHAPTER 7 |
| **Vicky Rodríguez Torres**<br>Plaintiff | **Adversary Proc.** 10-00137 (BKT-7) |
| v. | **18 U.S.C. §1030**<br>**18 U.S.C. §2510**<br>**18 U.S.C. §2701** |
| **Enid López-López, Guillermo Camba-Casas,**<br>**Mariela Rexach Rexach, Government**<br>**Development Bank of P.R., et als.**<br>Defendants | **42 U.S.C. §1983**<br>**42 U.S.C. §1985**<br>**42 U.S.C. 1988**<br>**TORTS** |

## URGENT MOTION REQUESTING ENTRY OF ORDER

**TO THE HONORABLE COURT:**

**COME NOW** defendants the Government Development Bank ("GDB" or "the Bank"), Guillermo Camba Casas ("Camba"), Enid López López ("López") and Mariela Rexach Rexach ("Rexach") (collectively referred as to "defendants"), through the undersigned counsel and respectfully, state, allege and pray as follows:

1.      On August 9, 2010, plaintiff filed the instant adversary proceeding setting forth causes of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Wiretap Act, 18 U.S.C. §2510, the Stored Communications Act, 18 U.S.C. §2701, and for obstruction of justice pursuant to 42 U.S.C. § 1985, for violations of due process by government officials and deprivation of her rights under color of state law pursuant to 42 U.S.C. §1983 and a claim under articles 1802 and 1803 of the Puerto Rico Civil Code for the damages allegedly suffered as result of an alleged spoliation of evidence. See Dkt. 1.

2.  After several procedural events, on January 28, 2011 this Honorable Court issued an Opinion and Order dismissing the instant adversary proceeding in its entirety on grounds of res judicata and lack of standing. This Honorable Court also found that plaintiff and her attorney had been frivolous in the filing of this action and imposed sanctions against them under Rule 9011 of the Federal Rules of Bankruptcy Procedure. To such effects, this Honorable Court ordered plaintiff and her attorney to pay the defendants' fees and expenses incurred in defending this adversary proceeding and requested defendants to set forth the amount of fees and expenses incurred in order for plaintiff and her attorney to pay it. See Dkt. 67.

3.  After defendants filed their motion setting forth the amount of fees and expenses incurred in defending this adversary proceeding, the Court issued an order granting the same and ordered plaintiff [and her attorney] to pay defendants a total of $34,658.22 corresponding to attorney's fees in the amount of $34,040.57 and expenses in the amount of $617.67. See Dkt. 77.

4.  As recognized by this Honorable Court in its Opinion and Order, sanctions under Rule 9011 are aimed at persuading the sanctioned party from engaging in similar frivolous conduct in the future. In other words, the sanctions imposed pursuant to Rule 9011 not only serve to penalize the frivolous conduct of the party and its attorney, but also are supposed to have a deterrent effect on said party.

5.  However, the sanctions imposed by this Court on plaintiff and her attorneys have not deterred them from engaging in further frivolous litigation against defendants.

6.  This Court may take judicial notice of the Amended Complaint filed by plaintiff and her attorney, William Meléndez, on March 15, 2011 before the United States District Court for the

District of Puerto Rico. See Vicky Rodríguez v. Governmental Development Bank, et al., Case No. 10-2228 (DRD), Dkt. 6.

7.     Said Amended Complaint contains, among others, the same causes of action that were dismissed in the instant proceeding, to wit, causes of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Wiretap Act, 18 U.S.C. §2510, the Stored Communications Act, 18 U.S.C. §2701, obstruction of justice pursuant to 42 U.S.C. § 1985, and for violations of due process by government officials and deprivation of her rights under color of state law pursuant to 42 U.S.C. §1983 and a claim for damages suffered as a result of alleged spoliation of evidence under articles 1802 and 1803 of the Puerto Rico Civil Code.  See U.S.D.C. Case No. 10-2228 (DRD), Dkt. 6.

8.     Moreover, plaintiff's above-mentioned Amended Complaint also includes the same facts and causes of actions that were already included in several previous proceedings filed by plaintiff against the defendants before the U.S. District Court, to wit, Vicky Rodríguez v. Governmental Development Bank, et al, Civil No. 09-1151 (JP), and Vicky Rodríguez v. Governmental Development Bank, et al, Civil No. 09-2199 (FAB).

9.     In addition, plaintiff and her attorneys' undeterred and frivolous conduct is even more evident considering that the Opinion and Order issued by this Honorable Court dismissing the instant adversary proceeding was appealed by plaintiff to the District Court, see Dkt. 68, and has been docketed as a new case entitled Vicky Rodríguez v. Governmental Development Bank, et al, Civil No. 11-1301 (GAG).

10.     In other words, far from being deterred from engaging in similar frivolous litigation, plaintiff and her attorney have continued their abuse of the judicial system by filing yet another complaint with the same causes of action already dismissed. Therefore, inasmuch as defendants will

need to resume its defense from plaintiff and her attorney's vexatious conduct, it is respectfully requested that this Honorable Court issues an Order directing plaintiff and her attorneys, William Meléndez Meléndez and Miguel Cuadros Pesquera,[1] to pay $34,658.22 to defendants, as ordered by this Honorable Court on March 25, 2011, within ten (10) days.

11.    The order being requested herein will certainly soothe defendant's economic burdens in defending themselves from another frivolous complaint filed by defendant and her attorney.

**WHEREFORE**, defendants respectfully request this Honorable Court to order plaintiff and her attorneys, William Meléndez Menéndez and Miguel Cuadros Pesquera, to pay $34,658.22 to defendants, in compliance with the order issued on March 25, 2011, within ten (10) days.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 31[sh] day of March 2011.

CERTIFICATE OF SERVICE: IT IS HEREBY CERTIFIED that on this same date, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the CM/ECF participants in this case.

**SCHUSTER AGUILÓ LLP**
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646; Fax: (787) 765-4611

**s/ Andrés C. Gorbea Del Valle**
**Andrés C. Gorbea Del Valle**
USDC PR No. 226313
agorbea@salawpr.com

---

[1] On November 30, 2010, attorney William Meléndez filed a Motion to Appear as Counsel of Record for Debtor on behalf of attorney Miguel Cuadros Pesquera. In said motion, attorney Meléndez stated that Miguel Cuadros Pesquera "had been actively participating in all matters regarding the underlying bankruptcy petition since its inception," and requested leave for attorney Cuadros to file an attached notice of appearance. See Dkt. 61.