IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: Vicky Rodríguez-Torres<br>Debtor<br>_____<br>Vicky Rodríguez-Torres<br>Plaintiff<br><br>v.<br><br>Enid López-López<br>Guillermo Camba-Casas<br>Mariela Rexach-Rexach<br>Government Development Bank PR, et al.<br>Defendants | 09-10864-BKT7<br>Chapter 7<br><br>ADVERSARY PROCEEDING<br>10-00137-BKT<br><br>18 U.S.C. § 1030,<br>18 U.S.C. § 2510,<br>18 U.S.C. § 2701,<br>42 U.S.C. § 1983,<br>42 U.S.C. § 1985,<br>42 U.S.C. § 1988,<br>TORTS |

**RULE 9023 MOTION TO VACATE ORDER, RE: ECF NO. 77 - GRANTING DEFENDANTS' (GDB) [75] MOTION FOR ATTORNEYS' FEES**

TO THE HONORABLE COURT:

Now comes Debtor, through the undersigned attorney, and respectfully alleges and prays as follows:

1. On January 28th, 2011 the Court granted Defendant's motion to dismiss (**ECF No. 66**).

2. On February 1st, 2011, Debtor filed a notice of appeal seeking review by the District Court of such dismissal (**ECF No. 68**).

3. On March 25th, 2011, notwithstanding the above pending review, the Court entered order granting Defendants' motion for attorney's fees and expenses (**ECF No. 77**).

4. In issuing **ECF No. 77**, the Court considered a self-serving and inflated breakdown of hours purportedly invested by Defendants

in defending against this adversary proceeding submitted in **ECF No. 75**.

5. **ECF No. 75** is simultaneously stunning both in representing the level of counsel expertise, and the number of hours counsel needed to expend in purportedly defending against this adversary proceeding. On the one hand, counsel is represented as seasoned and experienced, and therefore warranting a higher hourly rate, while on the other, counsel is purported to have needed 273.4 hours to put together what substantially only amounts to a motion to dismiss, **ECF No. 11**. More so, considering the level of expertise displayed in drafting said **ECF No. 11**, which limited itself to consulting a secondary legal source in the form of a law review article.

6. Moreover, the Court did not take into account that counsel was representing themselves as co-defendants, and disregarded the amount of hours that should have been allocated to themselves, as opposed to the amount of hours that should have been allocated to their clients.

7. Furthermore, the Court did not take into account any type of independent certification, or official billing records, or proof of client disbursements, purportedly made by Defendants on account of this adversary proceeding. Neither was counsel able to respond to Debtor's challenge that they were acting without any legal authority under a validly executed and registered contract, as required by **2 L.P.R.A. § 97**.

2

8. The Court's *sua sponte* condemnation of Debtor's litigation behavior is untimely - besides standing on shaky grounds on the merits, at best - and was issued without any prior warning. Moreover, it lends itself to confusion and the inefficiency resulting from having both the Bankruptcy court and the District Court adjudicating on the same issues, simultaneously.

9. Also, this Courts Order as set forth in **ECF No. 77** effectively not only sanctions Debtor, but it also stands as a threat against Debtor for planning to take on an appeal that this Court considers to be frivolous, with the concomitant dangerous chilling effect it potentially has against Debtor, by deterring her from exercising her right to appellate review of this ruling. Furthermore, to allow **ECF No. 77** to stand, encroaches upon the jurisdiction of District Court, improperly influences the outcome of the appellate review, and impinges on matters which already are under the proper consideration of said Appellate Court.

    *"Just as it appears clear that a trial judge cannot sanction a party or lawyer for taking an appeal, we do not believe that it is proper here for the District Judge to threaten to sanction the defendants or their attorney for filing a motion to stay his order pending appeal on the grounds that the underlying appeal is frivolous. The only purpose of such threat is to prevent an appeal. Appeals of district court orders should not be deterred by threats from district judges."*.
    **<u>Webster v. Sowders</u>, 846 F.2d 1032, 1040 (6th Cir., 1988)**.

10. In any event, Debtor also submits to the Court that its Order as set forth in **ECF No. 77**, offends Constitutional principles

3

of Due Process of Law, guaranteed by the V$^{th}$ Amendment to the United States Constitution.

11. Due process requires that, before such an award is imposed, offending counsel be afforded fair notice and an opportunity to be heard. "*Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record*". **<u>Roadway Express v. Piper</u>, 447 U.S. 752, 767 (1980).** Such an award may not be imposed upon a lawyer who is not on notice of: (a) the fact that such an award is under consideration by the District Court, and (b) the reasons why it is under consideration. <u>See</u>: **<u>Eash v. Riggins Trucking, Inc.</u>, 757 F.2d 557, 570-571 (3rd Cir., 1985).** Due process required the Court to: (a) give Plaintiffs notice that it was considering the imposition of costs against them; (b) informed Plaintiffs of the grounds for such imposition; (c) give Plaintiffs the opportunity to explain the basis for their opposition; and (d) a hearing. <u>See</u>: **<u>In re 60 E. 80th St. Equities, Inc.</u>, 218 F.3d 109, 118 (2nd Cir., 2000).**

WHEREBY, for all of the above, Debtor prays this Honorable Court:

VACATE its ORDER as set forth in **ECF No. 77**.

**Submitted in New York, New York, this 4th day of March, 2011.**

<u>**S/William E. Meléndez Menéndez**</u>
**William E. Meléndez Menéndez**
USDC PR No. 226902

4

Attorney for Debtor
410 Park Avenue 15th Floor, Suite # 1223
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in interest.

**In New York, New York, this 4th day of March, 2011.**

**S/William E. Meléndez Menéndez**
**William E. Meléndez Menéndez**
USDC PR No. 226902