## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**VICKY RODRIGUEZ TORRES**<br><br><br><br>**Debtor(s)** | **CASE NO.  09-10864**<br>Chapter   7<br><br>**Adversary No. 10-00137** |
| **VICKY RODRIGUEZ TORRES**<br><br>**Plaintiff**<br>vs.<br><br>**GOVERNMENT DEVELOPMENT<br>BANK OF P.R., et als.**<br><br><br><br>**Defendants** | <br><br><br><br>**FILED & ENTERED ON 07/19/2013** |

## OPINION AND ORDER

Before this Court is Defendant Government Development Bank of Puerto Rico's ("GDB") Request for Writ of Execution [Dkt. No. 113], Attorney Miguel Cuadros' ("Cuadros") Opposition to the Motion for Writ of Execution [Dkt. No. 115]; Debtor's Opposition to the Defendant's Request for Writ [Dkt. No. 117] and GDB's Reply to Cuadros' Opposition [Dkt. 119]. For the reasons set forth below, GDB's Request for Writ of Execution is GRANTED.

**I. Factual Background**

Vicky Rodriguez Torres ("Plaintiff") filed a voluntary Chapter 7 bankruptcy case on September 19, 2009. In the subsequent year, on August 9, 2010, Debtor/Plaintiff filed an adversary case against GDB and certain employees of GDB for various tort actions including intentional spoliation of evidence and other electronic communication and privacy violations. On February 9, 2011, this Court issued an Opinion and Order dismissing this instant adversary for failure to produce adequate evidence for a claim and lack of standing. In its Order, the court also mandated that Plaintiff pay Defendants' fees and expenses. Plaintiff appealed the above order to the District Court on February 10, 2011. Subsequently, on July 8, 2011, the District Court dismissed Plaintiff's appeal for lack of standing. On December 6, 2011, the Clerk of the Bankruptcy Court entered a Judgment directing Plaintiff to pay Defendants' attorneys' fees and costs in the amount of $34,658.22. Shortly thereafter, Plaintiff appealed the District Court's decision to the First Circuit Court of Appeals resulting in an affirmance of this Court's Opinion and Order on March 21, 2012.  GDB's Request for Writ, Plaintiff's Opposition, and Cuadros' Opposition and its associated documents followed.

In its Opposition of GDB's Request for Writ, Cuadros argues that this Court's order on January 28, 2011 only mandated Plaintiff to pay such fees and expenses, therefore Cuadros, as one of Plaintiff's attorneys, is not liable to comply with such payment. Further, Cuadros did not commence his representation of the Plaintiff until November 30, 2010, approximately two months after Defendants' Motion to Dismiss, which was filed on September 21, 2010. Therefore, such dismissal cannot be attributed to Cuadros.

Plaintiff also filed an opposition to GDB's Request for Writ. Plaintiff contends that she has no financial resources to pursue further legal representation and she only has one account that is used for the receipt of her disability pension. Therefore, such disability pension account cannot be levied.

In reply to the above, GDB argues that (1) Cuadros was Debtor's counsel of record in Debtor's original bankruptcy case filed on December 19, 2009. Further, Cuadros was Debtor's counsel for numerous tasks including the misrepresentation made for failure to disclose the existence of U.S. District Court Case No. 09-2199 (FAB) to this Court, and the misfiling of an adversary proceeding as a cross claim on August 4, 2010. Therefore, although Cuadros did not file a notice of appearance in this instant adversary proceeding until November 30, 2011, he still has robust connections to this instant case. (2) This Court imposed sanctions on "Debtor's Counsel," therefore, Cuadros' argument that his name did not appear on the Court's order on January 28, 2011 is meritless. Further, GDB requested this Court to order both Plaintiff and her two counsels of record to pay the ordered fees, therefore, this Court's order is to reflect a granting of such request. (3) Moreover, Cuadros has waived all arguments that could excuse him from responding personally, together with Plaintiff and her other attorney of record William E. Melendez, for Defendants' attorneys fees and expenses since they already appealed said decision to the United States District Court for the District of Puerto Rico and lost. See William E. Meléndez Menéndez and Miguel A. Cuadros Pesquera v. GDB, et als, Case No. 11-12597 (CCC).

3

**II. Legal Analysis and Discussion**

After reviewing the arguments of the parties, and the relevant law, this Court concludes that both Plaintiff and Cuadros raise meritless arguments and accordingly this Court must grant GDB's request for a writ of execution.

This Court recognizes that GDB has adequately clarified the points Cuadros made in his Opposition, and expressly adopts the findings set forth in GDB's Reply [Dkt. No. 119]. Therefore, this Court, for the purpose of judicial economy, will center its analysis on Plaintiff's arguments.

Federal Rule of Civil Procedure, Rule 69 [Execution] provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. Fed.R.Civ.P. 69(a).

Puerto Rico Rules of Civil Procedure for the General Court of Justice ("Puerto Rico Civil Procedure") Rule 51 reinforces the federal rules states, in relevant part:

> Process to enforce a judgment or order for the payment of money and to collect the costs awarded by the court shall be a writ of execution. The writ shall specify the terms of the judgment and the amount actually due. Every writ of execution shall be directed to the marshal. In execution cases, including those where a judicial sale is ordered, the marshal shall deliver to the clerk the writ duly served and any surplus in his possession within fifteen (15) days after the date of such execution. A writ of execution may issue upon one or more judgments or orders in the same action.Rule 51.2. Proceedings in cases of judgments for payment of money, T. 32 Ap. III, Rule 51.2

Puerto Rico Civil Procedure Rule 51.5 further clarifies on the manner of execution of a writ of execution:

> If the writ of execution is against the property of the judgment debtor, it shall require the marshal to satisfy the judgment, with interest, out of the personal property of such debtor. When there is property of the judgment debtor whose value is greater than the amount of the

judgment including costs, the marshal shall attach only such part of the property as the judgment debtor may indicate, provided it is amply sufficient to satisfy the judgment and costs accrued.Rule 51.5. Manner of execution, T. 32 Ap. III, Rule 51.5

In this instant case, Plaintiff's assets must be used to satisfy the court's order for money judgment. Plaintiff's counsels of records, as agents of the Plaintiff, must also be liable to satisfy the court's order for money judgment. Although this Court's January 28, 2011 Order did not specify Plaintiff's counsels of record, such specification is implied, as such specification was documented in GDB's original Motion to this Court. Both the federal and state rules demonstrate that a writ of execution is the appropriate measure to satisfy this Court's monetary judgment, therefore, such monetary judgment with the legal interest permitted should be promptly paid to the Defendant to avoid further actions in contempt of court.

**III. Conclusion**

Summarily, based on the above reasoning, this Court GRANTS GDB's Request for a Writ of Execution. Plaintiff and her two counsels of record - William E. Melendez and Miguel A. Cuadros - are to satisfy such judgment. Clerk to issue the Writ forthwith.

WHEREFORE, IT IS ORDERED

In San Juan, Puerto Rico this 19th day of July, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

5